UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREG DUGAS,

    Plaintiff,

vs.

CITY OF MORAINE, OHIO, *et al.*,

    Defendants.

Case No. 3:21-cv-231

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

_____

**ORDER: (1) CONDITIONALLY GRANTING DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 14, 16, 18); (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (Doc. No. 1); (3) DISMISSING PLAINTIFF'S MOTIONS WITHOUT PREJUDICE (Doc. Nos. 5, 6, 7, 8, 9, 10); AND (4) PROVIDING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN 7 DAYS OF THIS ORDER**

_____

    This *pro se* case is before the Court on Defendants Wal-Mart Stores East, L.P. and Wal-Mart security guard employees, Jon Yaney and Krissy Krznarich's (collectively, "Wal-Mart's"); Attorney Michael R. Booher's; and several individuals related to the City of Moraine, Ohio, including the City of Moraine; Six Unknown Moraine Ohio Police Officers; John Doe Police Officers #7, #8, and #9; Moraine Police Officer K. Yauger; and Moraine Police Officer Sgt. Ellers's (collectively, the "Moraine Defendants'") motions to dismiss under Fed R. Civ. P. 12(b)(6). Doc. Nos. 14, 16, 18. Plaintiff filed an opposition memorandum to the motions (Doc. No. 21), and the Moraine Defendants filed a reply memorandum (Doc. No. 23). Plaintiff, however, failed to timely respond to Wal-Mart's and Attorney Booher's motions, despite receiving notice from the Court informing him of these motions. *See* Doc. Nos. 15, 17. Wal-Mart's, Attorney Booher's, and the Moraine Defendants' motions are now ripe for review. Doc. Nos. 14, 16, 18, 21, 23.

Plaintiff's handwritten complaint is 89 pages. *See* Doc. No. 1. Counting its attachments, it is 283 pages. *See* Doc. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9. Adding his various motions requesting, *inter alia*, a preliminary injunction, appointment of counsel, and discovery, Plaintiff's pleadings, motions, and attachments total 391 pages. Doc. Nos. 1, 5, 6, 7, 8, 9, 10.

Fed. R. Civ. P. 8(a) requires that "'[a] pleading that states a claim for relief must contain,' among other things, '*a short and plain statement of the claim* showing that the pleader is entitled to relief.'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). The usual remedy is dismissal without prejudice, while granting leave to amend. *Id.*

Plaintiff's complaint, motions, and various attachments are "verbose, confused, and redundant," violating Fed. R. Civ. P. 8(a). *Id.* (quoting *Gillibeau*, 417 F.2d at 431). His 283-page complaint (with attachments) is unclear and potentially frivolous or malicious. Accordingly, his complaint merits dismissal under Fed. R. Civ. P. 8(a) and 12(b)(6). Defendants' motions to dismiss (Doc. Nos. 14, 16, 18) are **CONDITIONALLY GRANTED**. Plaintiff's complaint (Doc. No. 1) and various motions (Doc. Nos. 5, 6, 7, 8, 9, 10) are **DISMISSED WITHOUT PREJUDICE**. He is **GRANTED** leave to file an amended complaint within **7 days of this Order**. In his amended complaint, he should list the parties against whom he seeks relief and briefly describe his claims in sequential order. The amended complaint should not exceed 10 pages. Defendants may renew their motions to dismiss if Plaintiff files an amended complaint. If Plaintiff fails to timely file an amended complaint in accordance with this Order, the Court will dismiss his complaint with prejudice.

**IT IS SO ORDERED.**

April 13, 2022                                             s/Michael J. Newman
                                                          Hon. Michael J. Newman
                                                          United States District Judge